IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00353-BNB

WILLARD SMITH,
    Plaintiff,

v.

JIM FAULL, "Sheriff" Prowers Co. "Jail,"
    Defendant.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR - 6 2006

GREGORY C. LANGHAM
CLERK

---

### ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff Willard Smith is incarcerated at the Bent County Jail in Las Animas, Colorado. Mr. Smith has filed *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging that his constitutional rights were violated while he was incarcerated at the Prowers County Jail. The court must construe the complaint liberally because Mr. Smith is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Smith will be ordered to file an amended complaint.

The court has reviewed the complaint and finds that it is deficient because Mr. Smith fails to allege facts that demonstrate how Defendant personally participated in the asserted violations of his rights. Mr. Smith asserts three claims for relief alleging that jail staff failed to protect him from an assault by another inmate and denied him medical care for two different injuries. He does not contend that Defendant personally participated in these alleged constitutional violations.

Personal participation is an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Smith must show that Defendant caused the deprivation of a federal right. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and Defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993). Defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. **See Pembaur v. City of Cincinnati**, 475 U.S. 469, 479 (1986); **McKee v. Heggy**, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Smith will be ordered to file an amended complaint in which he alleges specific facts to demonstrate how Defendant personally participated in the asserted constitutional violations. Mr. Smith is reminded that 42 U.S.C. § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." **Conn v. Gabbert**, 526 U.S. 286, 290 (1999). Therefore, Mr. Smith should name as Defendants in the amended complaint the individuals he believes actually violated his rights. Accordingly, it is

ORDERED that Mr. Smith file **within thirty (30) days from the date of this order** an amended complaint that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Smith, together with a copy of this order, two copies of the following forms: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Smith fails within the time allowed to file an original and sufficient copies of an amended complaint that complies with this order to the court's satisfaction, the action will be dismissed without further notice.

DATED March 6, 2006, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.   06-cv-00353-BNB

Willard Smith
Prisoner No. 46491
Bent County Jail
11100 County Road GG.5
Las Animas, CO 81054

I hereby certify that I have mailed a copy of the **ORDER and two copies of Prisoner Complaint** to the above-named individuals on 3/6/06

GREGORY C. LANGHAM, CLERK

By: _____
    Deputy Clerk