IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00353-WDM-MEH

WILLARD SMITH,

      Plaintiff,
v.

JIM FAULL and
RON TROUT,

      Defendants.

## RECOMMENDATION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Before the Court is Defendants' Immunity-Based Motion for Summary Judgment [Docket #40]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. COLO. L.Civ.R 72.1.C, this matter has been referred to this Court for recommendation. The matter is fully briefed, and oral argument would not materially assist the Court in adjudicating this Motion. For the reasons set forth below, the Court recommends that the District Court **grant** Defendants' Motion.

**I.   Facts**

The following facts are undisputed, unless otherwise noted. Plaintiff was assaulted by another inmate while incarcerated at the Prowers County Jail. The jail has three male housing units: general population, work release, and maximum security. Plaintiff was placed in the maximum security unit, because he was being held on a murder charge. Another inmate, Ricky Maes, was also placed in that housing unit. Maes was known to have assaulted guards at previous jails but had not assaulted anyone at Prowers County Jail, including other inmates. Maes was locked down the day before the assault, and Plaintiff believes he was supposed to be locked down on the day of the assault. Maes

assaulted Plaintiff in the common area of the housing unit and fractured his cheekbone.

When Plaintiff called for the guards, they responded immediately and sent Plaintiff to the hospital. Dr. Howe informed Plaintiff that he should undergo surgery to keep the cheekbone from collapsing. Plaintiff states that Dr. Howe informed him that he should return in ten days for the surgery. Candy Ruedeman, the nurse for the Prowers County Jail, states by affidavit that Dr. Howe's office informed her that the surgery was elective, and that they needed to know if Plaintiff desired the surgery. She states that because Plaintiff did not have the money in his prisoner account to pay for the surgery, she did not inform anyone that Plaintiff desired the surgery. Plaintiff stated in his deposition that, because he did not receive the surgery, he has a ringing in his left ear, his vision has deteriorated in his left eye, and he cannot breathe out of his left nostril. Plaintiff submits no documentation to support these injuries.

In a separate incident, Plaintiff states that he injured his finger while playing basketball. Plaintiff's finger was X-rayed, and Plaintiff was told the finger was likely jammed. He was given a splint to wear, but the splint was taken from him several days later, because it was considered contraband. Plaintiff received no further treatment for his finger and was later told by a doctor when he transferred to another facility that the finger would not heal properly without a splint. Plaintiff now cannot fully straighten his finger. He estimates that the top of his finger is bent approximately 15 to 20 degrees.

## II.     Discussion

### A.     Legal Standard for Summary Judgment

A motion for summary judgment serves the purpose of testing whether a trial is required. *Heideman v. South Salt Lake City*, 348 F.3d 1182, 1185 (10th Cir. 2003). The Court shall grant

summary judgment if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A fact is material if it might affect the outcome of the suit under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The non-moving party has the burden of showing that there are issues of material fact to be determined. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The moving party bears the initial responsibility of providing to the Court the factual basis for its motion and identifying the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, which reveal that there are no genuine issues as to any material facts, and that the party is entitled to summary judgment as a matter of law. *Id.* at 323; *Maldonado v. City of Altus*, 433 F.3d 1294, 1302 (10th Cir. 2006). If the movant properly supports a motion for summary judgment, the opposing party may not rest on the allegations contained in his complaint, but must respond with specific facts showing a genuine factual issue for trial. *Hysten v. Burlington Northern and Santa Fe Ry.*, 296 F.3d 1177, 1180 (10th Cir. 2002); Fed. R. Civ. P. 56(e). These specific facts may be shown "'by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves.'" *Pietrowski v. Town of Dibble*, 134 F.3d 1006, 1008 (10th Cir. 1998) (quoting *Celotex*, 477 U.S. at 324). "[T]he content of summary judgment evidence must be generally admissible and . . . if that evidence is presented in the form of an affidavit, the Rules of Civil Procedure specifically require a certain type of admissibility, *i.e.*, the evidence must be based on personal knowledge." *Bryant v. Farmers Ins. Exch.*, 432 F.3d 1114, 1122 (10th Cir. 2005). Finally, "[t]he court views the record and draws all favorable inferences in the light most favorable to the non-moving party." *Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. Pepsico, Inc.*, 431 F.3d 1241, 1256

(10th Cir. 2005). Because Plaintiff is *pro se*, the Court construes his pleadings liberally. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

When a defendant raises the defense of qualified immunity, as in this case, the plaintiff must plead a violation of a clearly established constitutional right. *Mitchell v. Maynard*, 80 F.3d 1433, 1447 (10th Cir. 1996). The Court, therefore, must analyze whether Plaintiff has established a constitutional violation, and if so, whether the constitutional right was clearly established at the time.

### B.     Eighth Amendment Claim of Failure to Protect

#### 1.     Legal Standard

A failure to protect claim under the Eighth Amendment requires Plaintiff to show an objective risk of harm due to prison conditions and a subjective indifference to his injuries by the prison officials:

> To establish a cognizable Eighth Amendment claim for failure to protect [an inmate from harm by other inmates], the plaintiff must show that he is incarcerated under conditions posing a substantial risk of serious harm[,] the objective component, and that the prison official was deliberately indifferent to his safety, the subjective component.

*Smith v. Cummings*, 445 F.3d 1254, 1258-59 (10th Cir. 2006) (quoting *Verdecia v. Adams*, 327 F.3d 1171, 1175 (10th Cir. 2003)). To support deliberate indifference, it is insufficient to show that the officer "fail[ed] to alleviate a significant risk that he should have perceived but did not." *Farmer v. Brennan*, 511 U.S. 825, 838 (1994). The official must first know of the risk. For example, "an Eighth Amendment claim could be made out on evidence showing that officials transferred a protective custody inmate to a facility knowing that the inmate could not be protected there." *Chavez v. Perry*, 142 Fed. Appx. 325, 333 (10th Cir. 2005).

#### 2.     Plaintiff's Claim

4

Plaintiff claims that Maes had assaulted guards at other prisons, which was why he was brought to the Prowers County Jail and placed in maximum security. Yet Plaintiff also states that Maes was in lock down the day before and was accidentally let out of his cell on the day of the incident. The maximum security pod in which Plaintiff and Maes were housed contained eight cells, with separately locking doors, and a common area. Each cell contained only one bunk. When Maes was in lock down, he was allowed out of his cell to shower only when the other inmates in that pod were locked in their cells. Maes had not assaulted anyone at the Prowers County Jail in the two months that he had been housed there, and there is no evidence in the record that Maes had ever assaulted another inmate. On these facts, Plaintiff cannot establish that the conditions of his incarceration posed a substantial risk of serious harm. In fact, absent the mistake of allowing Maes out of his cell on the day of the incident, Plaintiff's incarceration posed no risk at all. *Cf.meh Grimsely v. MacKay*, 93 F.3d 676, 681 (10th Cir. 1996) ("Such conditions have been found to exist where prison officials disregard repeated warnings of danger to a particular prisoner and continually refuse to make the situation safer. . ."). Defendants may have been negligent in allowing Maes out of his cell, but negligence does not support an Eighth Amendment violation. *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976).

In addition, Plaintiff cannot establish that the prison officials were deliberately indifferent to this risk, because there is no evidence to suggest that anyone knew the risk existed. Even Plaintiff states that he had lived with Maes for two months and had experienced no trouble with him. Plaintiff is still unaware of why Maes chose to attack him, but surmises that Maes may have mental health problems. Accordingly, Plaintiff has failed to establish that Defendants failed to protect him in violation of the Eighth Amendment. This Court, therefore, recommends that judgment be entered

in favor of Defendants on this claim.

### C. Eighth Amendment Claims of Deliberate Indifference to Medical Needs

#### 1. Legal standard

A prisoner's Eighth Amendment rights are violated when deliberate indifference is shown to his "serious medical needs." *Estelle*, 429 U.S. at 104. A deliberate indifference claim includes an objective element as to the seriousness of Plaintiff's medical need and a subjective element as to the Defendants' treatment of that medical need. To set forth an Eighth Amendment claim upon which relief can be granted, Plaintiff must establish the following:

> [H]is alleged medical need . . . was sufficiently serious to meet the objective element of the deliberate indifference test, and that Defendants' [inadequate care or] delay in meeting that need caused him substantial harm[.] Finally, to meet the subjective element of the deliberate indifference test, he must allege facts supporting an inference that Defendants knew about and disregarded a substantial risk of harm to his health and safety.

*Erickson v. Pardus*, No. 06-1114, 2006 U.S. App. LEXIS 23658 (10th Cir. Sept. 14, 2006).

A medical need is sufficiently serious "if it is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980) (quoting *Laaman v. Helgemoe*, 437 F. Supp. 269, 311 (D.N.H. 1977)). A plaintiff may satisfy the second part of the test by showing that, subjectively, the official "[knew] of and disregard[ed] an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837 (1994).

#### 2. Plaintiff's claims

Plaintiff's first claim is that after the assault discussed above, the doctor informed him that he should return within ten days for surgery on his left cheek. Dr. Howe informed him that this surgery

6

was necessary for his cheek to heal properly. Plaintiff was not returned to the doctor, and he brings this suit against Officer Trout, because Officer Trout was with him at the doctor's office but failed to bring him back the following week for surgery. By affidavit, Officer Trout states that he took the instructions given to him by the doctor and gave the instructions to the nurse at the jail, Candy Ruedeman. Ms. Ruedeman states by affidavit that the doctor's office informed her that the surgery was elective. Ms. Ruedeman also states that she knew the cheek would heal on its own. Plaintiff does not allege any facts tying Defendant Faull with this series of occurrences. *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996) ("[S]upervisor status by itself is insufficient to support liability. Rather, 'personal participation is an essential allegation in a § 1983 claim.") (citations omitted).

On the record presented, the Court believes that whether this constitutes a serious medical need is a question of fact for the jury. Nevertheless, Plaintiff fails to meet the second prong, subjective indifference by Defendants. First, Officer Trout is not a supervisor and is not responsible for returning Plaintiff to the doctor. There is no evidence of record that he had the authority, let alone the responsibility, of making decisions concerning Plaintiff's medical care. *Sealock v. Colorado*, 218 F.3d 1205, 1211 (10th Cir. 2000).

Second, Plaintiff presents no evidence that Defendant Faull was aware of his medical condition. In addition, Ms. Ruedeman states that she knew the injury would heal on its own and that Dr. Howe's office informed her the surgery was elective. A difference of opinion regarding medical treatment does not constitute deliberate indifference. *Ramos*, 639 F.2d at 575 ("[A] mere difference of opinion between the prison's medical staff and the inmate as to the diagnosis or treatment which the inmate receives does not support a claim of cruel and unusual punishment.") (*quoted in Holt v. Werholtz*, 185 Fed. Appx. 737, 741 (10th Cir. 2006) (finding that "without any medical opinion

evidence, [plaintiff's] personal desire for surgery is insufficient")). "[T]he subjective component is not satisfied, absent an extraordinary degree of neglect, where a doctor merely exercises his considered medical judgment." *Self v. Crum*, 439 F.3d 1227, 1232 (10th Cir. 2006). Medical judgment includes whether a specialist should be consulted, or whether additional medical testing is required. *Id.* Only if the Plaintiff can establish that the need for additional treatment or referral was obvious could he meet the subjective indifference requirement. As relevant here, that could include direct or circumstantial evidence that "a medical professional fails to treat a medical condition so obvious that even a layman would recognize the condition, *e.g.,* a gangrenous hand or a serious laceration." *Id.* The condition presented here is not so obvious that a layman such as Officer Trout or Sheriff Faull should be required by the Constitution to have acted in a different manner.

Thus, Plaintiff cannot establish that these Defendants knew his injury required additional treatment, when the doctor stated the surgery was elective, not mandatory, and the need for treatment was not patently obvious. Plaintiff has failed to establish that Defendants were deliberately indifferent to his medical needs in violation of the Eighth Amendment. This Court, therefore, recommends that judgment be entered in favor of Defendants on this claim.

Plaintiff's second claim is that he injured his finger and was required to wear a splint. However, prison officials took away the splint before his finger was fully healed. He was later told by a doctor that his finger would not fully heal without a splint. Plaintiff produces no evidence that after the splint was taken away that he requested follow up medical treatment on his finger.

On this claim as well, Plaintiff has not established that he informed anyone that his finger was still in pain after the first splint was taken away, that he requested a second splint, or that he requested follow up treatment. Significantly, plaintiff provides no evidence that either of these two Defendants

had any knowledge of his need for treatment. Plaintiff initially received adequate treatment, and he has provided no evidence that Defendants knew additional treatment was needed, or even requested. *See Persaud v. Doe*, No. 06-6234, 2007 U.S. App. LEXIS 1770, *10 (10th Cir. Jan. 24, 2007) (holding that a failure to bring forth evidence that the defendants knew of plaintiff's pain warrants summary judgment for defendants).

For officials to lose their qualified immunity, their conduct must violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Because Plaintiff's claims for violation of a constitutionally protected right fail, the individual defendants in this case are entitled to qualified immunity. *Siegert v. Gilley*, 500 U.S. 226, 233 (1991) (failure to make out a violation of a clearly established constitutional right is a failure to satisfy necessary threshold inquiry in determination of qualified immunity claim).

## III. Conclusion

Accordingly, for the reasons stated above, the Court RECOMMENDS that Defendants' Immunity-Based Motion for Summary Judgment [Filed April 25, 2007; Docket #40] be **granted** and that this matter be **dismissed with prejudice**. Under Fed. R. Civ. P 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.[1]

---

[1] The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being

Dated at Denver, Colorado this 29th day of May, 2007.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

---

served with a copy of this Recommendation may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).