IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Civil Action No.   06-cv-00353-WDM-MEH

WILLARD SMITH,

      Plaintiff,

v.

JIM FAULL and RON TROUT,

      Defendants.

---

## ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE

Miller, J.

      This case is before me on the recommendation of Magistrate Judge Michael E. Hegarty (doc no 46) that Defendants' Immunity-Based Motion for Summary Judgment (doc no 40) be granted.   Plaintiff filed an objection to the recommendation and therefore is entitled to *de novo* review.   28 U.S.C. § 636(b).   For the reasons set forth below, I accept Magistrate Judge Hegarty's recommendation.

      I have reviewed the pertinent portions of the record in this case, including the complaint, the motion for summary judgment and Plaintiff's response and sur-reply, the recommendation, and Plaintiff's objections.   Plaintiff is incarcerated.   His claims are based on two unrelated incidents.   First, he asserts two Eighth Amendment claims arising from an assault on him by Rick Maes ("Maes"), another inmate.   He alleges that Defendants failed to keep him safe from Maes and then failed to provide adequate medical treatment. Second, he asserts another Eighth Amendment claim based on alleged inadequate

medical treatment for an injury he sustained while playing basketball.

Magistrate Judge Hegarty recommended that judgment should enter for Defendants on the failure to protect claim because (1) housing Plaintiff with Maes did not amount to a condition posing a substantial risk of serious harm; and (2) Plaintiff cannot demonstrate that Defendants were deliberately indifferent to the risk posed by Maes.  I agree with Magistrate Judge Hegarty that the disputed and undisputed facts do not demonstrate that Defendants were subjectively aware that Maes posed a substantial risk of serious harm to Plaintiff but failed to take action to protect Plaintiff.  Although Plaintiff testified in his deposition that he had previously requested that he be kept away from Maes, the evidence shows that Maes had never previously assaulted another inmate and had never showed hostility to Plaintiff.  In addition, Plaintiff has not shown that these Defendants individually were aware of any facts indicating that Maes might harm Plaintiff or were in a position to prevent the attack by Maes when it occurred.

Magistrate Judge Hegarty recommended that Plaintiff's claim of inadequate medical treatment for injuries resulting from the assault be dismissed as a matter of law because (1) Defendant Trout did not have authority or responsibility for making decisions about Plaintiff's medical care; and (2) there is no evidence to show that Defendant Faull was aware of any facts concerning Plaintiff's medical condition.  Similarly, Magistrate Judge Hegarty recommended that Plaintiff's claim for inadequate medical care for his basketball injury be dismissed because there is no evidence that either Defendant had any knowledge of or involvement in that matter.  I agree that Plaintiff's facts, as a matter of law, do not demonstrate sufficient personal involvement by these Defendants to impose liability.

Plaintiff filed objections to the recommendation, but does not address any of the

specific grounds upon which Magistrate Judge Hegarty recommends that summary judgment enter in favor of Defendants.  Plaintiff repeats the allegations of his complaint, sets forth state statutes concerning treatment of prisoners, and presents evidence as to the seriousness of his injury.  However, the seriousness of the injury is not at issue and is not the basis for the summary judgment recommendation.  In the absence of any other specific objections, I discern no error.

Accordingly, it is ordered:

1.    The recommendation of Magistrate Judge Hegarty (doc no. 46) is accepted. Defendants' Immunity-Based Motion for Summary Judgment (doc no 40) is granted. This matter is dismissed with prejudice.

DATED at Denver, Colorado, on August 15, 2007.

BY THE COURT:


s/ Walker D. Miller
United States District Judge